■ EVELYN PFAFFENBACH, Respondent, v. WHITE PLAINS EXPRESS CORP., Appellant, et al., Defendants. — In an action to recover damages for personal injury sustained as the result of a collision between the truck of the defendant White Plains Express Corp. and an automobile in which plaintiff was a passenger, the said defendant appeals from a judgment of the Supreme Court, Westchester County, entered January 2, 1963 after trial upon a jury's verdict in favor of the plaintiff against it. Judgment reversed on the law, without costs, and complaint dismissed, without costs. The findings of fact implicit in the jury's verdict are affirmed. The evidence showed that appellant's truck skidded from the southbound lane in which it had been proceeding, into the northbound lane in which the automobile in which plaintiff was a passenger was proceeding. However, there is no evidence that the skid was caused either by a defective condition of the truck or by negligence in its operation. Under the circumstances, plaintiff failed to prove a prima facie case (*Lo Piccolo* v. *Knight of Rest Prods. Corp.*, 7 A D 2d 369, affd. 9 N Y 2d 662; *Gooch* v. *Shapiro*, 7 A D 2d 307, affd. 8 N Y 2d 1088). Beldock, P. J., Ughetta, Kleinfeld and Rabin, JJ., concur; Hill, J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, in view of the weather and road conditions prevailing at the time of the accident, namely: snow and rain falling with an accumulation of one foot of snow, on a narrow two-lane road with the white dividing line covered by the snow, the road slushy and slippery, and with the headlights of all cars lit, the proof clearly was sufficient to establish a prima facie case and to present for the jury's determination issues of fact as to whether, apart from the skidding, the defendant corporation was negligent. On the basis of all the proof and bearing in mind the unusual weather and road conditions prevailing, the jury was clearly justified in drawing any one or all of the following inferences: (1) that the defendant corporation's truck was going too fast; or (2) that the operator of the truck jammed the brakes on suddenly and with full force instead of applying them slowly and gently; or (3) that the said defendant permitted its truck to be operated by an incompetent chauffeur; or (4) that the truck was being operated in violation of law, since there was evidence that the chauffeur's license had been revoked. In its charge to the jury the trial court in effect presented the case to the jury on this basis; such presentation was proper and under all the circumstances the jury's verdict may not be disturbed as a matter of law.